UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA WILLIAMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>PHOENIX FINANCIAL SERVICES LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

The mailing addresses of the parties to this action are:

BARBARA WILLIAMS
112 West End Avenue, Floor 2
Newark, New Jersey 07106

PHOENIX FINANCIAL SERVICES LLC
8902 Otis Avenue, Suite 103A
Indianapolis, Indiana 46216

**PRELIMINARY STATEMENT**

1.  Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, PHOENIX FINANCIAL SERVICES LLC ("PHOENIX FINANCIAL") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district because the acts of the Defendant that give rise to this action occurred in substantial part there.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Essex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. PHOENIX FINANCIAL maintains a location at 8902 Otis Avenue, Suite 103A, Indianapolis, Indiana 46216.

8. PHOENIX FINANCIAL uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. PHOENIX FINANCIAL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action. Plaintiff's claims

against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who PHOENIX FINANCIAL collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

FDCPA

- All New Jersey consumers who PHOENIX FINANCIAL made false credit reporting about as described herein, and which included the alleged conduct and practices described herein.

    The Class definition may be subsequently modified or refined.

    The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were subjected to the same conduct by the Defendants that violate specific provisions of the FDCPA;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA;

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small

claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or about August 2023, Defendant reported information about a debt owed to SOUTHERN ALABAMA PHYSICIANS, LLP ("SAP") to one or more national credit bureaus to Plaintiff's credit profile.

16. The debt at issue, was at all times not Plaintiff's responsibility but was instead the responsibility of her adult son who received medical services and/or goods while residing in Alabama.

17. Plaintiff has lived in New Jersey since 2013 and has never received any medical services or goods from SAP.

18. As an example, Defendant reported the following false information to Experian regarding Plaintiff:



19. Defendant asserted that Plaintiff owed $1,874.00 to SAP.

20. The SAP obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transactions, was primarily for personal, family or household purposes.

21. The SAP obligation was not incurred for business purposes.

22. The SAP obligation was incurred in connection with medical services and/or goods.

23. Plaintiff's adult son is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24. The SAP obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. SAP is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. SAP referred the SAP obligation to PHOENIX FINANCIAL for the purpose of collections.

27. At the time the SAP obligation was assigned to PHOENIX FINANCIAL, the SAP obligation was in default.

28. At the time that Defendant reported credit information to Plaintiff's credit profile to one or more national credit bureaus concerning the SAP obligation, Defendant knew or should have known that Plaintiff was not the responsible party based on a review of all the information transmitted to Defendant by SAP and/or after consulting with SAP.

29. Defendant failed to implement procedures to prevent such a false credit reporting to Plaintiff's credit profile.

30. At the time that Defendant made its false credit reporting, Plaintiff had already started the process of purchasing a home.

31. Defendant's false credit reporting has impacted her ability to do so.

32. Defendant's false credit reporting negatively impacted Plaintiff's credit score, causing it to drop approximately 100 points.

33. Plaintiff has suffered damages as a direct result of Defendant's false credit reporting.

34. The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

35. As described herein, Defendant engaged in abusive debt collection practices against the Plaintiff which deprived Plaintiff of the right to enjoy the benefits provided by the FDCPA.

36. PHOENIX FINANCIAL knew or should have known that its actions violated the FDCPA.

37. Defendants could have taken the steps necessary to bring their actions within compliance with the law but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

38. It is PHOENIX FINANCIAL's policy and practice to violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Using a false representation of the character or amount of any debt;

    (c) Communicating credit information which is known or which should be known to be false; and

    (d) Using any false representation or deceptive means to collect or attempt to collect any debt.

39. On information and belief, Defendant made false credit reporting as described herein that impacted at least 50 natural persons New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

40. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

41. Defendant violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(8) and § 1692e(10).

42. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

43. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

44. As described herein, Defendants violated 15 U.S.C. § 1692e.

45. Defendant falsely represented that Plaintiff was the responsible party for the SAP obligation.

46. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

47. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

48. As described herein, Defendants violated 15 U.S.C. § 1692e(8).

49. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

50. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

51. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

   (c)  Awarding Plaintiff actual damages;

   (d)  Awarding attorneys' fees and costs;

   (e)  Awarding post-judgment interest; and

   (f)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject matter of any other court, arbitration or administrative proceeding.

Dated: October 11, 2023

                *s/ Joseph K. Jones*
                Joseph K. Jones, Esq. (002182006)
                JONES, WOLF & KAPASI, LLC
                375 Passaic Avenue, Suite 100
                Fairfield, New Jersey 07004
                (973) 227-5900 telephone
                (973) 244-0019 facsimile
                jkj@legaljones.com
                *Attorneys for Plaintiff*